Nash, J.
 

 This Company was incorporated in the.year 1838, by the name of the “ High Shoals Manufacturing Company,” and it is enacted. “ by that name and style, shall sue and be sued.” In that name alone, can they declare when plaintiffs, and in that name do they answer when sued, unless the act of incorporation enables them to come into Court in the name of any other person, as their President, Cashier, &c.
 
 Brown on Actions,
 
 155. In the case of this corporation, no power is given to sue or be sued in any other but their corporate name. The bill, though filed against the individuals named, is for the settlement of an account growing out of a contract made with the Company, and to enforce it. The corporation is the debtor, and the corporation ought to have been a party to the suit, which it is not.
 

 The bill is subject to another and equally fatal objection. The contract set forth is one, as stated in the bill, made between the Company and Henry Fullenwider. It is true, it alleges that he, the plaintiff, was interested in the contract, and insinuates, but does not aver, that he was a party to it. The answers deny that the plaintiff was a party to the contract, and aver it was made with Fullenwider alone. They admit, that the plaintiff may, after the contract "was made, have been admitted by him to a participation in it. From the evidence, we are satisfied this was the fact, and that the plaintiff was not a
 
 *198
 
 party to the original contract, and that any interest he may have in it is derived from Fullenwider. To him he must look. As against the plaintiff, the Company had a right to have their claims against Fullenwider fully settled, before they would hold any- thing .subject to his claim. They are therefore justified in obeying the orders of Fullenwider, in disposing of the money,-arising under the contract.
 

 We could not refer the case to the Master, to ascertain whether the Company have paid Fullenwider all that they owe him, on account of the ore delivered under the contract, because the bill is not framed with that view. The plaintiff claims not as assignee of Fullenwider, but as an original contractor-.
 

 Per Curiam.
 

 Bill dismissed with costs.